# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-787V
Filed: March 25, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SUMMER PAOLONE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Damages decision based on proffer; flu vaccine; brachial neuritis; frozen shoulder

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lawrence R. Cohan, Philadelphia, PA, for petitioner.
Lynn E. Ricciardella, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On October 10, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–10–34 (2012), alleging that she suffered brachial neuritis leading to frozen shoulder as a result of receiving influenza ("flu") vaccine on September 22, 2011.  Pet., Oct. 10, 2013, ECF No. 1.  On January 14, 2014, respondent filed her Rule 4(c) Report, in which she conceded that petitioner's left shoulder injury was caused by the September 22, 2011, flu vaccination, and that her injury was compensable under the Vaccine Act.  Resp't's Rule 4(c)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Report, Jan. 14, 2014, ECF No. 7.

      On March 25, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards petitioner a lump sum payment of **$120,000.00**, representing all elements of compensation available under 42 U.S.C. § 300aa–15(a).  The award shall be in the form of a check made payable to petitioner in the amount of **$120,000.00.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 25, 2014                          /s/ Laura D. Millman
                                            Laura D. Millman
                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| SUMMER PAOLONE, | ) | |
| | ) | |
| Petitioner, | ) | No. 13-787V |
| | ) | Special Master Millman |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

_____  )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items:**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $120,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); §15(a)(3)(B); and §15(a)(4).  Petitioner agrees.

**II.      Form of the Award:**

The parties recommend that the compensation provided to Summer Paolone should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

   A.  A lump sum payment of $120,000.00 in the form of a check payable to petitioner, Summer Paolone.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

1

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ Lynn E. Ricciardella
LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-4356

DATED:  March 25, 2014